**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 11-39423** |
| SOZO INVESTMENT | § | **Chapter 7** |
| GROUP, L.L.C.,** | § | **Judge Isgur** |
| Debtor | § | |

_____

| | | |
|---|---|---|
| GRACE FELLOWSHIP | § | |
| BAPTIST CHURCH, | § | |
| d/b/a GRACE COMMUNITY | § | |
| DEVELOPMENT COMPANY, | § | |
| RICHARD ROSE, and | § | |
| LEONARD MCCOLLUM, | § | |
| Plaintiffs | § | |
| | § | **ADVERSARY NO. _____** |
| vs. | § | |
| | § | |
| FOUNDATION CAPITAL, | § | |
| RESOURCES, INC., | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

Richard Rose and Leonard McCollum, members of Sozo Investment Group, L.L.C. ("Debtor"), and Grace Fellowship Baptist Church dba Grace Community Development Company ("GCDC") file this complaint against Foundation Capital Resources, Inc. ("FCR" or "Defendant").

### PARTIES AND JURISDICTION

1.     Richard Rose and Leonard McCollum (collectively the "LLC Members") are individuals and may be served through the undersigned counsel.

2.     GCDC is a Texas nonprofit corporation that may be served through the undersigned counsel. GCDC has a federal tax identification number.

1

3.      FCR is a Georgia corporation transacting business in Texas. It has no registered agent in this state and may be served through the Texas Secretary of State. The address of FCR known to the Plaintiffs is set forth below:

> 3900 S. Overland Ave.
> Springfield, MO 65807

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5.      This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E). Plaintiffs consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### SUMMARY OF THE PLAINTIFFS' COMPLAINT

7.      Plaintiffs seek to recover (1) possession of two modular buildings, which are owned by GCDC, but located on Defendant's property; and (2) monies paid to Defendant by a third party for rental of the buildings. Defendant's continuing refusal to permit removal of the buildings and to turn over monies paid for rental of the buildings constitutes conversion of the property.

### STATEMENT OF THE RELEVANT FACTS

#### I. BACKGROUND

8.      This Adversary Proceeding concerns two (2) metal modular buildings (the "Modular Buildings") owned by GCDC. The Modular Buildings are 1,564 square feet each with serial numbers of SS# C1-01356A and SS# C1-01356B.

9.      The Modular Buildings are located at 600 Charles Street, Humble, Texas 77338, also known at this time as the Northwest Preparatory Academy (the "Real Property"). The Modular Buildings are personal property, not real property.  The Modular Buildings are not permanently affixed to the real property.  As stated, the Modular Buildings are owned by GDCD.

10.      On or about August 9, 2010, Sozo Investment Boutique, Inc. ("Sozo Investments") entered into an agreement (the "Real Property Lease") to lease the Real Property from 600 Charles, LLC. Although the Modular Buildings were located on the Real Property at the time, the Modular Buildings were owned by Motivation, Education & Training, Inc. Early Head Start ("Head Start"), *not* 600 Charles, LLC.

11.      On or about July 22, 2011, Head Start transferred the Modular Buildings to GCDC.  The Bills of Sale evidencing the transfers are attached as Exhibit A.

12.      After acquiring ownership of the Modular Buildings, GCDC entered into an oral agreement with Sozo Investments, permitting Sozo Investments to use the Modular Buildings in exchange for payments of $7,000 per month.

13.      After August 9, 2010, 600 Charles, LLC transferred ownership of the Real Property to FCR.

14.      To the best knowledge of GCDC and the LLC Members, 600 Charles, LLC never claimed any ownership of, nor interest in, the Modular Buildings.

15.      The chapter 7 trustee also has not claimed any ownership interest in the Modular Buildings.

II. REMOVAL OF THE MODULAR BUILDINGS

16.      On October 16, 2012, GCDC informed FCR of its intent to exercise its rights as owner of the Modular Buildings to remove the Modular Buildings from the Real Property and

3

relocate them on another site.

17.     Initially, FCR indicated that the Modular Buildings could be removed during the Christmas holidays, but not prior to the Christmas holidays.

18.     After FCR was notified that the LLC Members for GCDC desired to remove the Modular Buildings over the Thanksgiving holidays, FCR refused to permit the removal of the Modular Buildings.

19.     At the continued creditors meeting for Sozo Investments on Thursday, November 30, 2012,  FCR's attorney stated that any attempts by GCDC or the LLC Members to move the Modular Buildings from the Real Property would be treated as criminal trespassing and FCR would contact the police to intervene.

20.     Since October 16, 2012, GCDC has demanded on a number of occasions that FCR permit removal of the Modular Buildings. Each time FCR has refused to permit removal of the Modular Buildings and continues to do so. FCR also refuses to pay either fair market value or fair rental value for the Modular Buildings to GCDC.

21.     FCR continues to receive approximately $27,000 a month from the lessee of the Real Property.  Approximately $7,000 of such rental amount should be allocated to the Modular Buildings and paid to GCDC.

III. SUBLEASE TO MIRACLE EDUCATIONAL SYSTEMS

22.     On or about September 15, 2011, having leased the Real Property from 600 Charles, LLC and having leased the Modular Buildings from GCDC, the Debtor entered into a lease agreement with Miracle Educational Systems, Inc. d.b.a. Northwest Preparatory Academy ("MES"). Under the agreement, the Debtor subleased both the Real Property and the Modular Buildings to MES for a base rent of $27,000 per month.

4

23.     After the Debtor filed for bankruptcy, the Real Property Lease with the Debtor terminated by operation of law. After termination of the Real Property Lease, MES made the monthly payments of $27,000 to the chapter 7 trustee through August of 2012.  After August of 2012, based on information and belief, the monthly rental payments of $27,000 have been paid by MES to FCR.

24.     FCR has never paid GCDC any portion of the payments it received from MES as consideration for the use of the Modular Buildings.

25.     On or about October 16, 2012 and then again on or about February 4, 2013, GCDC demanded payment of the rent monies allocable to the Modular Buildings. FCR refused both demands.  FCR has wrongfully withheld the rental amounts due to GCDC.  FCR has wrongfully refused to permit the removal of the Modular Buildings.  FCR has wrongfully retained the misappropriated funds.

## COUNT I: CONVERSION OF MODULAR BUILDINGS

26.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     As a result of the above-described acts, FCR has converted to its own use the Modular Buildings, which rightfully belong to GCDC. FCR should be required to permit GCDC to remove the Modular Buildings from the Real Property.

28.     In the alternative to Count II below, GCDC is entitled to special damages to compensate it for its loss of rental income from the Modular Buildings.

29.     FCR has no basis for refusing to permit removal of the Modular Buildings; its refusal is of a wanton and malicious nature. GCDC is therefore entitled to exemplary damages.

## COUNT II: CONVERSION OF RENT MONIES

30.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     As a result of the above-described acts, FCR has converted to its own use that portion of the rental payments from MES that is allocable to the Modular Buildings. As a consequence, GCDC has suffered actual damages equal to that amount.

32.     FCR has no basis for refusing to pay to GCDC that portion of the rental payments from MES that is allocable to the Modular Buildings; its refusal is of a wanton and malicious nature. GCDC is therefore entitled to exemplary damages, including all attorneys' fees incurred by GCDC and the LLC Members in having to pursue legal actions to recover monies and property that rightfully belong to GCDC.


**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiffs request that the Court enter judgment as follows:

1.   That FCR be required to permit GCDC to remove the Modular Buildings from the Real Property immediately;

2.   That FCR be required to turn over that portion of the rental payments from MES allocable to use of the Modular Buildings or, in the alternative, that Plaintiffs be awarded special damages for loss of rental income from the Modular Buildings;

3.   That Plaintiffs be awarded exemplary damages;

4.   That Plaintiffs be awarded all attorneys fees incurred in the pursuit of this action; and

6

5.   That Plaintiffs be awarded all such other and further relief, general and special, legal and equitable, to which Plaintiffs are justly entitled.

Dated: April 30, 2013

Respectfully submitted,

*/s/ Reese Baker*_____
Reese Baker
Texas State Bar No. 01587700
Baker & Associates
5151 Katy Freeway, Suite 200
Houston, Texas 77007
Telephone: (713) 869-9200
Fax: (713) 869-9100
ATTORNEYS FOR PLAINTIFFS

7